836 P.2d 1006

**Bharat KAKU (an individual for himself and others similarly situated), Plaintiff/Appellant,**

v.

**ARIZONA BOARD OF REGENTS, Defendant/Appellee.**

No. 2 CA–CV 92–0004.

Court of Appeals of Arizona, Division 2, Department A.

March 19, 1992.

Review Denied Oct. 6, 1992.

Law Office of Bob Schwartz, Bob Schwartz, Tucson, for plaintiff/appellant.

Office of the University Atty. by Thomas M. Thompson, Tucson, for defendant/appellee.

OPINION

HOWARD, Judge.

This case concerns the construction of A.R.S. § 15–1628, as it applies to the payment of funds by the Arizona Board of Regents (the Board) into the optional retirement program (retirement program) established by that statute. Appellant Bharat Kaku, a former faculty member at the University of Arizona (University), appeals from the denial of his motion for summary judgment, the granting of the Board's cross motion for summary judgment, and the denial of class certification. We affirm.

The facts are undisputed. When Kaku entered the United States he chose to enter under a visa that did not entitle him to participate in the United States' Social Security System (FICA). Kaku was employed continuously by the University from August 16, 1984, through January 15, 1990, as a member of the faculty. Immediately upon commencement of his employment, Kaku elected coverage under the retirement program. The seven percent contribution of his compensation was not withheld pursuant to the retirement program because of his visa status. In 1985 he was able to obtain a visa that permitted him to participate in FICA. He participated from December 1985 until January 15, 1990, a period of less than five years.

Because the facts are undisputed, we review the granting of summary judgment in order to determine if substantive law was correctly applied. *Wright v. Hills,* 161 Ariz. 583, 780 P.2d 416 (App.1989). Kaku contends that, pursuant to A.R.S. § 15–1628(D), he is entitled to payment. The Board disagrees and has not paid him the contested sum. He also argues that his action may be maintained as a class action pursuant to Ariz.R.Civ.P. 23(b), 16 A.R.S. We need not reach the class action issue because Kaku's interpretation of the statute is fatally flawed.

The relevant portions of A.R.S. § 15–1628 are as follows:

C. The Arizona board of regents shall contribute public funds ... in an amount equal to seven per cent of the participant's compensation. Each participant shall also contribute an amount equal to seven per cent of the participant's compensation....

D. In the case of an electing employee ..., no contributions pursuant to subsection C of this section shall be made by the Arizona board of regents until his completion of five years of service.... At the end of an electing employee's completion of five years of service, a single contribution in an amount determined pursuant to subsection C of this section, with interest, shall be made ... on behalf of such employee. In the case of an electing employee who does not continue in service with an institution under the jurisdiction of the Arizona board of regents for at least five years, the amount of employer contributions, with interest, shall be refunded to this state.

\* \* \* \* \* \*

J. Subject to amendment of the federal-state agreement provided for in § 38–702, every eligible employee electing to participate in the optional retirement programs shall have old age, survivors and disability insurance coverage provided by the federal social security act....

A basic tenet of statutory construction requires that we determine and give effect to legislative intent and when we are uncertain of legislative intent, we must read the statute as a whole and give meaningful operation to each of its provisions. *Wyatt v. Wehmueller,* 167 Ariz. 281, 806 P.2d 870 (1991). In determining legislative intent, one of the factors to consider is the statute's effects and consequences. *Id.*

We believe subsection C clearly reflects a legislative intent that the Board match the participant's contribution of seven percent of his or her compensation. Thus, the participant's contributing is a condition precedent to the Board's obligation to contribute. Kaku did not contribute for the full five-year period as set forth in subsection D. Kaku acknowledges this fact but argues that because he was willing to contribute funds to the retirement program during the entire time he was employed, the Board is obligated to pay him the contribution described in subsection D. Such an interpretation of the statute renders this portion of subsection C meaningless and, therefore, is incorrect. *Wyatt v. Wehmueller,* supra.

Furthermore, for that period during which Kaku was not contributing he received the seven percent that would have been contributed to the retirement program. He argues that he was willing to contribute this amount but that the University failed to withhold it. This argument does not acknowledge that Kaku initially

chose a visa which did not permit the University to withhold for FICA. His alleged willingness to contribute the seven percent is irrelevant. Kaku would be unjustly enriched if he were to receive the amount requested.

Kaku also argues that subsection J either does not require FICA participation as a prerequisite to eligibility for the Board's contribution or is merely a "coordination provision," a term he does not define. We disagree. We interpret subsection J to require eligible participating employees to participate in FICA, which Kaku did not.

The trial court was correct when it denied Kaku's motion for summary judgment and granted the Board's cross motion for summary judgment.

Affirmed.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.