193 P.3d 814
**In the Matter of the ESTATE OF Emmett C. WYTTENBACH, Deceased.**

**Barry D. Wyttenbach, in his capacity as court appointed Personal Representative of the Estate of Emmett C. Wyttenbach, Plaintiff–Appellant,**

v.

**Nona Wyttenbach, surviving spouse of Deceased, Defendant–Appellee.**

**No. 1 CA–CV 07–0012.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 26, 2008.

---

Thomas J. Shumard, Attorney at Law By Thomas J. Shumard and Paul G. Ulrich PC By Paul G. Ulrich, Phoenix, Attorneys for Appellants.

Jennings Strouss & Salmon PLC By David Brnilovich, David B. Earl, Matthew L. Cates, Phoenix, Attorneys for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Appellant Barry Wyttenbach (Barry), personal representative of Emmett Wyttenbach's (Emmett) estate, appeals the probate court's grant of summary judgment to Nona Wyttenbach (Nona) and the dismissal of the complaint with prejudice. For the following reasons, we affirm in part, reverse and remand in part for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Emmett and Esther Wyttenbach created a Revocable Living Trust (the trust) in 1984 naming their son, Barry, as the sole beneficiary upon the death of the surviving spouse. After Esther's death, Emmett married Nona. Subsequent to his second mar-

riage, Emmett executed two amendments to the trust.

¶ 3 Emmett died on December 2, 2001. In his Last Will and Testament (Will), Emmett nominated a personal representative and an alternative personal representative of his estate. In April 2004 both renounced their right to appointment as personal representative. Barry was appointed the personal representative of the estate almost two and one-half years after Emmett's death.

¶ 4 In August of 2004, Barry filed a complaint against Nona alleging financial exploitation of a vulnerable adult under Arizona Revised Statutes (A.R.S.) section 46–456 (2005) of the Adult Protective Services Act (APSA). Barry alleged that Nona, as a de facto conservator and person in a confidential relationship with Emmett, a vulnerable adult, misappropriated funds designated to the trust.

¶ 5 In May 2006, Nona moved for summary judgment alleging Barry lacked authority to bring the complaint pending before the court. Nona cited this court's decision in *In re Estate of Winn (Winn I)*, 212 Ariz. 117, 121, ¶ 24, 128 P.3d 234, 239 (App.2006), *rev'd*, 214 Ariz. 149, 150 P.3d 236 (2007), which held that a late-appointed personal representative was precluded from pursuing claims based on the APSA. The probate court, citing *Winn I*, granted Nona's motion.

¶ 6 Prior to the court granting summary judgment, Barry petitioned to amend the complaint. He requested that he be added to the complaint as an individual plaintiff in addition to his standing as personal representative. Barry asserted that he was an interested and necessary party to the action and therefore should be reflected as such in the complaint. Nona responded that the amendment would have no effect on the claim as Barry did not have the authority to bring a cause of action as a party plaintiff and that his addition as a named plaintiff in the matter was barred by the statute of limitations. After the court granted the motion for summary judgment, it dismissed the petition to amend without comment.

¶ 7 After the probate court's rulings the Arizona Supreme Court reversed our decision in *Winn I* on January 23, 2007. *In re Estate of Winn (Winn II)*, 214 Ariz. 149, 150 P.3d 236 (2007). In light of the supreme court decision, Barry timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(J)(2003).

## DISCUSSION

### Standard of Review

¶ 8 "We review an appeal from grant of summary judgment de novo." *Brunet v. Murphy*, 212 Ariz. 534, 537, ¶ 8, 135 P.3d 714, 717 (App.2006). "We will affirm a summary judgment only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 621, ¶ 2, 146 P.3d 1027, 1030 (App.2006).

### In re Estate of Winn

¶ 9 Nona's motion for summary judgment and the probate court's grant thereon were based on the court of appeals' decision in *Winn I*, 212 Ariz. at 121, ¶ 24, 128 P.3d at 239. This court determined that A.R.S. § 14–3108(4)(2005), a probate statute requiring appointment of a personal representative within two years, subject to an exception if no proceeding had been commenced during the two years, precluded a personal representative appointed more than two years after the death of the decedent from bringing suit against a healthcare provider under the APSA. *Id.* Barry contends that our supreme court's reversal of *Winn I* requires the reversal of the summary judgment order in this case.

¶ 10 The supreme court overturned the *Winn I* decision reasoning that precluding an APSA claim based on the probate code would "violat[e] the language and spirit" of the APSA. *Winn II*, 214 Ariz. at 153, ¶ 17, 150 P.3d at 240. The supreme court further held A.R.S. § 46–455(O) and (P) (Supp.2007) were designed to remove the limitations of the probate code set forth in A.R.S. § 14–3108(4). *Winn II*, 214 Ariz. at 153, ¶ 18, 150 P.3d at 240.[1]

---

1. Our supreme court's decision has retroactive    effect on the case at hand and therefore may

¶ 11 However, the supreme court's decision in *Winn II* involved a claim of abuse or neglect under A.R.S. § 46–455, not financial exploitation under –456. 214 Ariz. at 150, ¶ 5, 150 P.3d at 237. Therefore, the issue before this court is whether the supreme court's decision in *Winn II* is also applicable to claims for financial exploitation under A.R.S. § 46–456.

### Adult Protective Services Act

■ ¶ 12 The APSA provides a statutory cause of action for incapacitated or vulnerable adults who are the victims of neglect, abuse or exploitation. A.R.S. §§ 46–455 to – 456. The act "was intended to increase the remedies available to and for elderly people who had been harmed by their caregivers." *Estate of McGill ex rel. v. Albrecht*, 203 Ariz. 525, 528, ¶ 6, 57 P.3d 384, 387 (2002) (footnote omitted). The court in *Winn II* elaborated that the legislature intended to allow the claims to "proceed unimpeded by either the death of the elder abuse victim or limitations imposed by other laws." 214 Ariz. at 151, ¶ 9, 150 P.3d at 238.

¶ 13 In the abuse and neglect APSA provision, section 455 contains two subsections, (O) and (P), which operate "to remove probate code or other limitations on the personal representative's ability to seek a remedy on behalf of a deceased elder abuse victim's estate." *Winn II*, 214 Ariz. at 152, ¶ 14, 150 P.3d at 239.

¶ 14 Causes of action under section 455 and 456 are substantially similar. (Compare A.R.S. § 46–455, which provides civil and criminal penalties for persons in a position of guardian or conservator who permit the life or health of an incapacitated or vulnerable adult to be endangered, with A.R.S. § 46–456, which provides civil and criminal penalties for persons in a position of trust and confidence who financially exploit an incapacitated or vulnerable adult). Section 456 incorporates subsections F, G, H, I, K, L, M and P of section 455.[2] However, the legislature did not incorporate section 455's subsection O into A.R.S. § 46–456. Subsection O states: "A civil action authorized by this section is remedial and not punitive and does not limit and is not limited by any other civil remedy or criminal action or any other provision of law. Civil remedies provided under this title are supplemental and not mutually exclusive." A.R.S. § 46–455. Subsection P which was incorporated into section 456 provides: "The cause of action or the right to bring a cause of action pursuant to subsection B or E of this section shall not be limited or affected by the death of the incapacitated or vulnerable adult." *Id.*

■ ¶ 15 When analyzing a statute, this court will "give effect to legislative intent and when we are uncertain of legislative intent, we must read the statute as a whole and give meaningful operation to each of its provisions." *Kaku v. Ariz. Bd. of Regents*, 172 Ariz. 296, 297, 836 P.2d 1006, 1007 (App. 1992). We broadly construe the APSA and give effect to all the provisions of A.R.S. § 46–456. *Winn II*, 214 Ariz. at 150, ¶ 5, 150 P.3d at 237. Our supreme court in *In re Guardianship/Conservatorship of Denton* found the language of subsections O and P, but particularly the language of P, was adopted to "exclude the elder abuse statute from the survival statute's limitations" that damages for pain and suffering of an injured individual are not allowed if the individual dies.[3] 190 Ariz. 152, 156, 945 P.2d 1283, 1287 (1997) (citing A.R.S. § 14–3110 (2005)).

---

properly be taken into consideration when determining the propriety of the grant of summary judgment. *See Lowry v. Indus. Comm'n*, 195 Ariz. 398, 402, ¶ 18, 989 P.2d 152, 156 (1999) ("In civil actions, Arizona law has always been that unless otherwise stated, a court opinion operates retroactively as well as prospectively.")(internal quotations and citations omitted).

**2.** Section 46–455 consists of subsections A–Q. For purposes of this case, we only discuss the omission of subsection O in A.R.S. § 46–456. Subsections A–D discuss the nature of a claim

under § 46–455: "Permitting life or health of an incapacitated or vulnerable adult to be endangered by neglect; violation; classification; civil remedy; definition." Subsection J requires that notice shall be given to the attorney general for an action under § 46–455. Subsection Q provides definitions for the section.

**3.** Section 46–455 has been amended since the supreme court's decision in *Denton*. However, the substantive language of subsection (O) and P remain the same. Therefore, we refer to subsec-

¶ 16 When analyzing the APSA claim in *Winn II*, our supreme court analyzed the importance of both subsection O and P. 214 Ariz. 149, 150 P.3d 236. The supreme court specifically noted that precluding a late-appointed personal representative from bringing an APSA claim would frustrate the purpose of subsection (P) "that a cause of action brought pursuant to the statute 'shall not be limited or affected by the death of the incapacitated or vulnerable adult.'" *Winn II*, 214 Ariz. at 152–53, ¶ 17, 150 P.3d at 239–40 (quoting A.R.S. § 46–455(P)). The court held that allowing provisions of the probate code to eliminate the rights of the late-appointed personal representative, when the incapacitated or vulnerable adult could have brought the claim had he or she been alive, would directly limit or affect "the right to bring suit after the death of the elder abuse victim, violating the language and spirit of APSA § 46–455." *Id.* In *Denton*, the supreme court also held that its conclusion was supported by the rules of statutory construction "that when there is conflict between two statutes, 'the more recent, specific statute governs over the older, more general statute.'" 190 Ariz. at 157, 945 P.2d at 1288 (quoting *Lemons v. Superior Court*, 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984)).

¶ 17 The omission of subsection (O) from § 456 forms the basis for Nona's argument that *Winn II* does not apply. "Section 14–3108(4) of the probate code applies to the administration of *all* estates in which probate commences more than two years after the decedent's death." *Winn II*, 214 Ariz. at 152, ¶ 16, 150 P.3d at 239. Section 46–456, on the other hand, applies only to those incapacitated or vulnerable adults who have been financially exploited.

¶ 18 In addition to being the more specific statute, APSA § 46–456 is also more recent than not only probate code § 14–3108(4), but also APSA § 46–455 on which the supreme court relied in *Winn II*. Section 14–3108, including subsection (4), was enacted in 1973. 1973 Ariz. Sess. Laws, ch. 75, § 4. APSA § 46–456 was enacted in 1996. 1996 Ariz.

Sess. Laws, ch. 274, § 1. Thus, § 46–456, being the more recent and specific statute, would prevail over § 14–3108(4). *Winn II*, at 152, ¶ 16, 150 P.3d at 239.

■■ ¶ 19 Turning to the issues in this case, pursuant to subsection (P), a financial exploitation APSA claim survives the death of an incapacitated person. The supreme court in *Winn II* relied on subsection P, not on subsection O, for the proposition that an APSA claim survives the death of an incapacitated person. Just as *Winn II* applied subsection P to causes of action under section 455 for abuse of "life" or "health", the legislature also intended that we apply that same provision to causes of action for financial exploitation. Otherwise, the legislature would not have included subsection P as applying to § 456 claims. A.R.S. § 46–456(E).

¶ 20 Nona contends because the legislature did not incorporate subsection O in § 456, the probate code limitations on actions by a late-appointed personal representative do not apply to a claim under § 456. However, when there is a specific APSA statute, the APSA statute prevails over other limiting statutes including limitations from the probate code. *Denton*, 190 Ariz. at 157, 945 P.2d at 1288. To hold otherwise would frustrate "the goal of protecting the elderly from abuse, neglect, and exploitation" and be contrary to the rule that specific statutes prevail over general statutes. *Winn II*, 214 Ariz. at 152, ¶¶ 14, 16, 150 P.3d at 239.

¶ 21 For example, as previously stated, pursuant to subsection P, an APSA financial exploitation claim survives the death of the vulnerable adult. In *Denton*, the supreme court held, contrary to A.R.S. § 14–3110 (2005),[4] that a victim of elder abuse or their representative could recover damages for pain and suffering even if the victim died prior to judgment. 190 Ariz. at 157, 945 P.2d at 1288. Similarly, we look to the APSA for the applicable statute of limitations. Section 46–456(E) incorporates A.R.S. § 46–455(K): "The initiation of civil proceedings ... shall be commenced within two years after actual

---

tions O and P despite *Denton's* citations to the former statute.

**4.** Section 14–3110 precludes damages for pain and suffering of an injured person upon their death.

discovery of the cause of action," however, in the probate code a cause of action must be brought within two years of the death of the decedent. A.R.S. § 14–3108(3). Thus, because a personal representative is appointed after a decedent's death, it follows that limitations applicable to a cause of action under § 455 may be shortened in violation of subsection P, if we adopted Nona's argument.

¶ 22 Our conclusion is further bolstered by a review of the APSA to determine if there is a specific statute that governs who may bring a financial exploitation action. Section 46–456(C) states "[a] person who violates … this section is subject to damages in a civil action *brought by or on behalf of an incapacitated or vulnerable adult* that equal up to three times the amount of the monetary damages." (Emphasis added.) This section tells us that a claim for financial exploitation may be brought by or on behalf of the incapacitated or vulnerable adult. It does not say that a late-appointed personal representative cannot bring this claim. In other words, the legislature did not limit the bringing of these causes only to the vulnerable adult or a personal representative appointed within two years of the decedent's death. Had it so intended, it could have made the statute of limitations up to two years from the date of the incapacitated person's death. Instead, it made the statute of limitations two years after the cause of action was first discovered, regardless of when the wrongdoing was discovered.

¶ 23 This finding also supports the legislature's intent and the policy behind the elder abuse statutes first announced in *Denton*. "Arizona has a substantial population of elderly people, and the legislature was concerned about elder abuse." *Denton*, 190 Ariz. at 156, 945 P.2d at 1287. Also, "[t]he policy underlying [the elder abuse statutes] is … apparent: to protect some of society's most vulnerable persons from abuse, neglect, and exploitation." *Winn II*, 214 Ariz. at 151, ¶ 9, 150 P.3d at 238.

¶ 24 In this case, whether the claim was timely brought has not been decided, as there is nothing in the record that indicates when the alleged wrongdoing was discovered. We note that in 2003, the legislature changed the statute of limitations on elder abuse claims from seven years to two years. A.R.S. § 46–455.K (amending A.R.S. § 46–455.I (2003)). When Barry filed his complaint, A.R.S. § 12–505.C (2003) allowed the estate one year from the effective date of the 2003 amendment to the APSA to file its complaint.[5] Therefore, we reverse the probate court's grant of summary judgment and remand this matter to the probate court for a determination of when the alleged wrongdoing was discovered.

### Denial of Personal Representative's Petition to Amend the Complaint

¶ 25 Barry contends the probate court should have allowed him to amend the complaint to add himself as a party plaintiff. Nona opposed the request claiming that Barry's motion to amend was merely an attempt to circumvent the merits of the summary judgment motion based on the recently decided *Winn I* opinion. The probate court denied Barry's request and determined that even if it allowed Barry's petition to amend, his claim would be barred by the statute of limitations.

¶ 26 "A motion for leave to amend a pleading is addressed to the sound discretion of the trial court, and we will not overturn the trial court's decision on appeal absent a clear abuse of that discretion." *In re Estate of Torstenson*, 125 Ariz. 373, 376, 609 P.2d 1073, 1076 (App.1980). The probate court dismissed the complaint with prejudice after determining that Barry could not bring the action pursuant to *Winn I*.

¶ 27 We will uphold a probate court's ruling if correct, even if the court reached the right conclusion for the wrong reason. *State v. Koch*, 138 Ariz. 99, 102, 673 P.2d 297, 300 (1983). The court did not err by denying the motion to amend because

---

5. In other words, a seven year statute of limitations was in place until 2003 when it was shortened to two years. However, claims which would have been valid under the previous statute

of limitations of seven years were required to be brought one year from the effective date of the passage of the two year statute of limitations. A.R.S. § 12–505.C.

Barry lacked standing in his individual capacity to bring a claim. The APSA "covers a limited class (incapacitated or vulnerable adults) and limited causes of action (abuse, neglect, or exploitation)." *Denton,* 190 Ariz. at 157, 945 P.2d at 1288. A personal representative is permitted to bring a claim under the APSA on behalf of the incapacitated or vulnerable adult. The statute, however, does not provide for claims by others. Therefore, the court did not err by denying the motion to amend the complaint.

## CONCLUSION

¶ 28 For the aforementioned reasons we affirm the probate court's denial of Barry's motion to amend. However, we reverse the probate court's summary judgment order and remand the case for further proceedings consistent with this opinion.

CONCURRING: DANIEL A. BARKER, Presiding Judge and ANN A. SCOTT TIMMER, Judge.