307 P.3d 73

### In the Matter of the ESTATE OF Helen WYATT, Deceased.

**Robert Wyatt, Personal Representative of the Estate of Helen Wyatt, on behalf of the Estate of Helen Wyatt, and Robert Wyatt, individually and on behalf of Helen Wyatt's statutory beneficiaries under A.R.S. § 12–612(A), Plaintiff/Appellant,**

v.

**Vanguard Health Systems, Inc., a Delaware corporation, doing business as Phoenix Baptist Hospital, Defendant/Appellee.**

**Patricia Kuhfuss for herself and on behalf of all statutory beneficiaries and as Personal Representative of the Estate of Karl H Kuhfuss, Jr., Plaintiff/Appellant,**

v.

**John C. Lincoln Health Network dba John C. Lincoln Hospital Deer Valley, an Arizona corporation, Defendant/Appellee.**

**Nos. 1 CA–CV 12–0422, 1 CA–CV 12–0203.**

Court of Appeals of Arizona, Division 1, Department A.

July 30, 2013.

other than the conduct in this case." The record bears out the court's observation.

Wilkes & McHugh, PA By Melanie L. Bossie and Law Office of Scott E. Boehm, PC, By Scott E. Boehm, Phoenix, Attorneys for Appellant Wyatt.

Jardine Baker Hickman & Houston, PLLC By John E. Drazkowski, Michael Warzynski, Phoenix, Attorneys for Appellee Vanguard Health Systems, Inc. dba, Phoenix Baptist Hospital.

Gallagher & Kennedy, PA By Robert W. Boatman, Shannon L. Clark, C. Lincoln Combs, Phoenix, Attorneys for Appellant Kuhfuss.

Broening Oberg Woods & Wilson, PC By James R. Broening, Katherine M. Corcoran, Phoenix, Attorneys for Appellee John C. Lincoln Heath Network dba John C. Lincoln Hospital Deer Valley.

508

Arizona Association for Justice By David L. Abney, H. Micheal Wright, Lincoln M. Wright, Phoenix, Attorneys for Amicus Curiae.

## OPINION

OROZCO, Judge.

¶ 1 Robert Wyatt and the Estate of Helen Wyatt, and Patricia Kuhfuss and the Estate of Karl H. Kuhfuss, Jr. (collectively, Appellants) filed separate lawsuits against two different acute care hospitals, alleging, among other claims, a violation of the Adult Protective Services Act (APSA). In each case, the trial court granted partial summary judgment in favor of the hospital, holding that APSA is not applicable to acute care hospitals. Appellants timely appealed. We have jurisdiction over both appeals under Arizona Revised Statutes (A.R.S.) sections 12–120.21.-A.1 (2003) and–2101.A.1 (Supp.2012).

¶ 2 We have consolidated the two cases on appeal because they involve the same issue: whether APSA applies to acute care hospitals. Finding that APSA does apply, we reverse and remand both cases for further proceedings consistent with this opinion.

## DISCUSSION

¶ 3 "APSA provides a statutory cause of action for incapacitated or vulnerable adults who are the victims of neglect, abuse or exploitation." *In re Estate of Wyttenbach,* 219 Ariz. 120, 123, ¶ 12, 193 P.3d 814, 817 (App.2008); *see* A.R.S. §§ 46–455 to –456 (Supp.2012).[1] In 1989, the legislature amended APSA to provide a civil cause of action, in addition to the already existing criminal penalties. 1989 Ariz. Sess. Laws, ch. 118, § 3 (1st Reg. Sess.). Vanguard Health Systems, Inc., dba Phoenix Baptist Hospital, and John C. Lincoln Health Network, dba John C. Lincoln Hospital Deer Valley (collectively, the Hospitals) argue that the legislature did not intend for APSA to apply to acute care hospitals.

¶ 4 We review questions of statutory construction de novo. *In re Estate of Winn,* 214 Ariz. 149, 151, ¶ 7, 150 P.3d 236, 238 (2007).

Our objective when interpreting statutes is to "give effect to the intent of the legislature." *Id.* at ¶ 8. To do so, we first examine the statute's words. *In re Guardianship/Conservatorship of Denton,* 190 Ariz. 152, 155, 945 P.2d 1283, 1286 (1997). "When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute." *State v. Christian,* 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003).

¶ 5 Arizona Revised Statute § 46–455 was designed to create a cause of action for a vulnerable individual who was injured as a result of abuse, neglect or exploitation. *Estate of McGill v. Albrecht,* 203 Ariz. 525, 528, ¶ 7, 57 P.3d 384, 387 (2002). "[T]he statute was intended to increase the remedies available to and for elderly people who had been harmed by their caregivers." *Id.* at ¶ 6. The Arizona Supreme Court has directed that APSA, as a remedial statute, should be broadly construed to effectuate the legislature's purpose. *In re Estate of Winn,* 214 Ariz. at 150, ¶ 5, 150 P.3d at 237.

¶ 6 The provision of APSA at issue in this appeal provides:

> A vulnerable adult whose life or health is being or has been endangered or injured by neglect, abuse or exploitation may file an action in superior court against any person or enterprise that has been employed to provide care, that has assumed a legal duty to provide care or that has been appointed by a court to provide care to such vulnerable adult for having caused or permitted such conduct.

A.R.S. § 46–455.B.

### Provide Care

¶ 7 The Hospitals first argue that because "care" or "provide care" are ambiguous, this court must look to legislative history to determine the legislature's intent. We disagree and find both terms unambiguous.

¶ 8 "Care" is generally defined as "charge, supervision, management: responsibility for or attention to safety and wellbeing." *State v. Jones,* 188 Ariz. 388, 392, 937

1. Absent material revisions, we cite to the current version of applicable statutes.

P.2d 310, 314 (1997) (quoting Webster's Third New International Dictionary (3d ed.1976)). Applying this ordinary meaning of "care" in this case, it is readily apparent that the Hospitals provided care to Helen Wyatt (Wyatt) and Karl Kuhfuss (Kuhfuss). According to Phoenix Baptist Hospital, during her short stay, Wyatt received almost 350 medications and medical interventions from various providers, e.g., board-certified physicians, registered nurses, technicians, and therapists. In its answer to the complaint, John C. Lincoln Hospital admitted that it "employs various individuals who provide health care within the course and scope of their employment" and is a licensed hospital that "provides acute care." While at John C. Lincoln Hospital, Kuhfuss underwent three surgeries. In the course of his recovery, the hospital provided post-surgery care to Kuhfuss; however, it denied allegations that the care it provided fell below the applicable standard of care. Based on the above definition of "care," the Hospitals provided care in accordance with A.R.S. § 46–455.B to Wyatt and Kuhfuss.

**The Facility**

¶ 9 Arizona Revised Statutes § 46–455.B states that "any person or enterprise that has been employed to provide care" to a vulnerable adult is liable under APSA for neglect, abuse or exploitation that endangers or injures that person's life or health. The Hospitals contend the legislature intended this provision to apply to long-term care facilities that provide care to a vulnerable adult, such as assisted living centers and adult care homes, but not to acute care facilities that may have a vulnerable adult as a patient. Specifically, the Hospitals argue that pursuant to A.R.S. § 46–455.B.1, APSA's enumerated facilities are "a nursing care institution, an assisted living center, an assisted living facility, an assisted living home, an adult day health care facility, a residential care institution, an adult care home, a skilled nursing facility or a nursing facility."

¶ 10 The Hospital's reliance on A.R.S. § 46–455.B.1 is misplaced. The first sen-tence in subsection B describes in very general terms the cause of action that may be brought. The second sentence indicates who is specifically exempted from the statute, e.g., a physician, podiatrist, registered nurse practitioner, or physician assistant. The facilities listed in A.R.S. § 46–455.B.1 are exceptions to the exemptions listed in the second sentence of subsection B. In other words, a physician cannot be sued under APSA unless he works in one of the facilities listed in subsection B.1.

¶ 11 If we were to find that "provide care" was ambiguous, then an argument could be made that perhaps the legislature intended APSA to apply only to the facilities listed in subsection B.1. However, having determined that "provide care" is unambiguous, to hold that acute care hospitals are exempt from APSA would ignore the plain and unambiguous language of the statute. It also superimposes upon the statute the Hospitals' interpretation of the legislature's intent in enacting APSA by reading in limitations that the legislature could have included, but did not. Had the legislature intended to limit the application of APSA to certain types of facilities, such as adult long-term health care facilities, it could have easily done so in its definition of "enterprise." Instead, the legislature broadly defined "enterprise" to mean "any corporation, partnership, association, labor union or other legal entity, or any group of persons associated in fact although not a legal entity, that is involved with providing care to a vulnerable adult." A.R.S. § 46–455.Q.[2]

¶ 12 Construing APSA in the manner urged by the Hospitals would limit the remedies available to vulnerable or incapacitated individuals who have been harmed by their caregivers.

¶ 13 Phoenix Baptist Hospital argues that to construe "care" and "provide care" in this manner results in an absurdity. See Preston v. Kindred Hosps. W., L.L.C., 226 Ariz. 391, 393, ¶ 8, 249 P.3d 771, 773 (2011) (when interpreting a statute, the court will give unambiguous language its usual, ordinary meaning unless this creates an absurd result). Phoe-

---

**2.** The Hospitals do not assert that they are not enterprises, as that term is defined in APSA. Similarly, the Hospitals do not argue that they fall within any of the five exceptions to the exemptions to liability under APSA, as expressly delineated in A.R.S. § 46–455.B.1.

**510**

nix Baptist Hospital contends that if we were to interpret "care" in this way, it would create an over-broad scope of liability because "anyone who supplies watchful attention to a person covered under APSA [could] be sued absent an expressed exception." But this is not the case. Negligence is not actionable under APSA unless the plaintiff is able to show "a pattern of conduct ... resulting in deprivation of food, water, medication, medical services, shelter, cooling, heating or other services necessary to maintain minimum physical or mental health." A.R.S. § 46–451.A.6. (Supp.2012). This application of negligence under APSA is very different from the usual definition of negligence in a medical malpractice case, in which a plaintiff need only "prove the causal connection between an act or omission and the ultimate injury." *Barrett v. Harris,* 207 Ariz. 374, 378, ¶ 12, 86 P.3d 954, 958 (App.2004).

¶ 14 Just as not every negligent act that occurs in a nursing home gives rise to liability under APSA, some negligent acts that take place in a hospital setting may trigger a claim under APSA. The key fact is not the type of facility where the negligent, abusive or exploitative act occurs, but the nature of the act and its connection to the relationship between the caregiver and the recipient.

¶ 15 Moreover, even if we were to hold that the language of APSA is ambiguous as the Hospitals suggest, and we were to examine the legislative history to try to discern legislative intent, our conclusion would nonetheless be the same. Nowhere in the legislative history is there any suggestion that an acute care hospital is exempt from liability under APSA.

## CONCLUSION

¶ 16 For the above stated reasons, we reverse the trial courts' orders granting partial summary judgment in favor of the Hospitals, and remand both cases for further proceedings consistent with this opinion.

CONCURRING: PETER B. SWANN, and LAWRENCE F. WINTHROP, Judges.