IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**IN THE MATTER OF THE ESTATE OF HELEN WYATT,**
*Deceased,*

**ROBERT WYATT, FOR HIMSELF AND ON BEHALF OF ALL STATUTORY
BENEFICIARIES AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF HELEN WYATT,**
*Plaintiff/Appellant,*

*v.*

**VANGUARD HEALTH SYSTEMS, INC., A DELAWARE CORPORATION,
DBA PHOENIX BAPTIST HOSPITAL,**
*Defendant/Appellee,*

**PATRICIA KUHFUSS, FOR HERSELF AND ON BEHALF OF ALL STATUTORY
BENEFICIARIES AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF KARL H. KUHFUSS, JR.,**
*Plaintiff/Appellant,*

*v.*

**JOHN C. LINCOLN HEALTH NETWORK,
DBA JOHN C. LINCOLN HOSPITAL DEER VALLEY,
AN ARIZONA CORPORATION,**
*Defendant/Appellee,*

No. CV-13-0272-PR
Filed June 30, 2014

Appeal from the Superior Court in Maricopa County
The Honorable Emmet J. Ronan, Judge
No.  CV2008-030580
The Honorable J. Richard Gama, Judge
No.  CV2010-012450
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
232 Ariz. 506, 307 P.3d 73 (2013)
**VACATED**

COUNSEL:

James R. Broening (argued), Katherine M. Corcoran, and Michelle L. Donovan, Broening, Oberg, Woods & Wilson, P.C., Phoenix, for John C. Lincoln Health Network dba John C. Lincoln Hospital Deer Valley

John E. Drazkowski, and Michael Warzynski, Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix, for Phoenix Baptist Hospital

Scott E. Boehm (argued), Law Office of Scott E. Boehm, P.C., Phoenix; and Melanie L. Bossie, Wilkes & McHugh, P.A., Phoenix, for Robert Wyatt

Robert W. Boatman, Shannon L. Clark (argued), and Lincoln Combs, Gallagher & Kennedy, P.A., Phoenix, for Patricia Kuhfuss

James W. Kaucher (argued), Gust Rosenfeld, P.L.C., Tucson, for Amicus Curiae University of Arizona Health Network, Inc.

John J. Egbert, Jennings, Strouss & Salmon, P.L.C., Phoenix, for Amicus Curiae Dignity Health, fka Catholic Healthcare West

Sarah E. Kader., Arizona Center for Disability Law, Phoenix; and David L. Abney, Craig A. Knapp, and Dana R. Roberts, Knapp & Roberts, P.C., Scottsdale, for Amicus Curiae Arizona Center for Disability Law

David L. Abney, Craig A. Knapp, and Dana R. Roberts, Knapp & Roberts, P.C., Scottsdale, for Amici Curiae Autism Society of Greater Phoenix and Phoenix Area Autistic/Asperger's Adult Support Group

CHIEF JUSTICE BERCH authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

CHIEF JUSTICE BERCH, opinion of the Court:

¶1          This case addresses whether § 46-455 of Arizona's Adult Protective Services Act subjects acute care hospitals to potential liability. We conclude that it does.

## I. BACKGROUND

¶2          The estates of Helen Wyatt and Karl H. Kuhfuss Jr. filed separate wrongful death actions against two acute care hospitals, Phoenix Baptist Hospital and John C. Lincoln Hospital, alleging violations of the Adult Protective Services Act ("APSA"), A.R.S. §§ 46-451 to -459, among other claims.

¶3          In each case, the trial court granted partial summary judgment, ruling that APSA does not apply to acute care hospitals. Each estate appealed. *In re Estate of Wyatt*, 232 Ariz. 506, 508 ¶ 2, 307 P.3d 73, 75 (App. 2013). After consolidating the cases, the court of appeals reversed the judgments, finding the statutory terms unambiguous and concluding that APSA does apply to acute care hospitals. *Id.* at 508 ¶¶ 2, 7, 307 P.3d at 75.

¶4          We granted review to determine whether acute care hospitals may be liable under APSA. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II. DISCUSSION

¶5          We review issues of statutory construction de novo. *In re Estate of Winn*, 214 Ariz. 149, 151 ¶¶ 7-8, 150 P.3d 236, 238 (2007). When a statute is clear, we do not "resort to other methods of statutory

interpretation to determine the legislature's intent because its intent is readily discernible from the face of the statute." *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003).

¶6        APSA provides "a remedial cause of action against those who abuse, neglect, or exploit the elderly." *Winn*, 214 Ariz. at 150 ¶ 5, 150 P.3d at 237. "We construe such remedial statutes broadly to effectuate the legislature's purpose in enacting them." *Id.* The APSA provision at issue here provides as follows:

> A vulnerable adult whose life or health is being or has been endangered or injured by neglect, abuse or exploitation may file an action in superior court against any person or enterprise that has been *employed to provide care* . . . to such vulnerable adult for having caused or permitted such conduct.

A.R.S. § 46-455(B) (emphasis added).

¶7        The Hospitals argue that they cannot be liable under this APSA provision because they are not "employed to provide care" to their patients. Rather, they provide treatment. This difference, they contend, makes the phrase "provide care" ambiguous and thus requires us to consider legislative history and other resources to determine its meaning. *See Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268-69, 872 P.2d 668, 672-73 (1994) (considering legislative history).

¶8        We disagree that "provide care" is ambiguous. Although APSA does not define the term, we construe it according to its common meaning. A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language."). "Care" is ordinarily understood to mean "CHARGE, SUPERVISION, MANAGEMENT: responsibility for or attention to safety and well-being." Webster's New Int'l Dictionary 338 (3d ed. 1976); *see also State v. Jones*, 188 Ariz. 388, 392, 937 P.2d 310, 314 (1997). Nothing in the statute suggests that the legislature intended a different meaning.

**¶9**        The Hospitals argue that we should hold that they are not subject to APSA, as we did respecting the State in *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, 328 ¶ 20, 266 P.3d 349, 354 (2011).  In *Braden*, however, we held that the State is not an "enterprise," as that term is defined in the Act.  *Id.* (construing A.R.S. § 46-455(Q)).  The Hospitals here do not assert that they are not "enterprise[s]" within the meaning of APSA.

**¶10**        The Hospitals also cite *Estate of McGill ex rel. McGill v. Albrecht*, 203 Ariz. 525, 530 ¶ 16, 57 P.3d 384, 389 (2002), which clarifies when abuse is actionable under APSA.  They urge us to hold that acute care hospitals are not covered by APSA, observing that, following *McGill*, the legislature amended APSA by exempting four classes of caregivers from potential liability.  2003 Ariz. Sess. Laws, ch. 129, § 2 (1st Reg. Sess.) (amending A.R.S. § 46-455(B)).  We note, however, that when the legislature exempted physicians, podiatrists, nurse practitioners, and physician assistants, it did not also exempt acute care hospitals specifically or hospitals generally.  *See id.*  Thus acute care hospitals remain within APSA's coverage.  We decline to read in an exemption that the legislature did not specify.

**¶11**        The Hospitals also argue that APSA applies only to those facilities listed in § 46-455(B)(1).  We are not persuaded by this reading of the statute.  Subsection (B) exempts the four categories of individual healthcare providers noted above from APSA liability, unless an exempted provider acts as a medical director at a facility listed in subsection (B)(1).  Thus subsection (B)(1) effectively reinstates APSA liability to some of the healthcare providers exempted in the previous paragraph.  In that sense, subsection (B)(1) expands APSA coverage for facility medical directors.  It does not limit the types of enterprises subject to liability, as the Hospitals suggest.

**¶12**        The question remains whether acute care hospitals provide the type of care covered by APSA.  The Hospitals maintain that APSA was intended to cover only the "long-term-type care" generally available in nursing homes.  We agree that concern about such services motivated the legislature to enact APSA, but APSA is not by its terms limited to nursing homes.  Instead, the statute applies to any enterprise that is employed to provide care to a vulnerable adult, if that enterprise injures or endangers the vulnerable adult through "neglect, abuse or exploitation."  A.R.S. § 46-

455(B).  The statute contains no exemption for acute care hospitals, which, like nursing homes, may provide non-acute care, such as feeding and attending to the daily needs of vulnerable adults during post-operative periods.

**¶13**     We likewise reject the Hospitals' suggestion that subjecting acute care hospitals to potential liability under APSA will lead to absurd results.  Broad application of a remedial statute does not render it absurd.  Indeed, too narrow a construction would thwart the legislature's goal of protecting vulnerable adults.  *See McGill*, 203 Ariz. at 528 ¶ 6, 57 P.3d at 387.  The Hospitals concede that, although unlikely, a vulnerable person could possibly be injured or endangered through neglect, such as the failure to regularly turn an elderly patient, while in an acute care facility.  The statute does not suggest that APSA liability should apply if such an injury occurs in a nursing home, but not if it occurs in an acute care hospital.  Nothing in APSA indicates legislative intent to protect vulnerable adults from abuse, neglect, or exploitation only when they are housed in particular facilities.

**¶14**     Without deciding whether plaintiffs have established APSA violations in accordance with the requirements of A.R.S. § 46-455 and the standards set forth in *McGill*, 203 Ariz. at 530 ¶ 16, 57 P.3d at 389, we conclude that because acute care hospitals provide care to vulnerable adults and are not expressly exempted by the statutory language of § 46-455(B), they may be liable under APSA.

### III.  CONCLUSION

**¶15**     For the foregoing reasons, we vacate the opinion of the court of appeals and remand these cases to the superior court for further proceedings.