IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In the Matter of:*

VALERIA CORTEZ, *Applicant/Appellant.*

No. 1 CA-CV 19-0266
FILED 12-3-2019

Appeal from the Superior Court in Yuma County
No. S1400CV201900124
The Honorable Lawrence C. Kenworthy, Judge

**REVERSED AND REMANDED**

COUNSEL

ACLU Foundation of Arizona, Phoenix
By Molly Patricia Brizgys
*Co-Counsel for Appellant*

Southern Arizona Gender Alliance, Inc., Tucson
By Abigail Jensen
*Co-Counsel for Appellant*

**OPINION**

Judge David D. Weinzweig delivered the opinion of the Court, in which
Presiding Judge Randall M. Howe and Judge Maurice Portley[1] joined.

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of
Appeals, Division One, has been authorized to sit in this matter pursuant
to Article 6, Section 3, of the Arizona Constitution.

**W E I N Z W E I G**, Judge:

¶1        This case requires us to decide whether an applicant must show good cause to change names under A.R.S. § 12-601. The superior court here summarily denied—with prejudice—Valeria Cortez's application to change names for lack of good cause. We reverse and remand because good cause is not required under the statute.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Cortez completed, signed and filed an Application for Change of Name for an Adult in the Yuma County Superior Court, wanting to change his name from "Valeria Stephany Cortez" to "Sebastian Tomas Valentine." Yuma County supplied the four-page form.

¶3        The form directed Cortez to provide his current name, requested name and other names he has used. By marking five boxes on the form, Cortez swore "[u]nder penalty of perjury" that he (1) wanted a name change "solely for [his] benefit and in [his] best interests," (2) understood the name change would "not release [him] from any obligations incurred or harm any rights of property or action in any previous name," (3) did not request the name change "for the purpose of committing or furthering any offense of theft, forgery, fraud, perjury, organized crime or terrorism or any other offense involving false statements," (4) had never been convicted of a felony, and (5) faced no pending criminal charges. Beyond that, the form asked Cortez to explain why he "request[ed] this name change." His hand-written answer explained: "I am transitioning and want my documents to match my identity."

¶4        Six days later, the superior court denied Cortez's application "with prejudice" for "fail[ure] to show good cause." The court held no hearing and supplied no explanation. Cortez timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶5        We review the superior court's denial of a name change application for abuse of discretion, *Pizziconi v. Yarbrough*, 177 Ariz. 422, 426 (App. 1993), but we review *de novo* the court's interpretation and application of the statute, *In re Estate of Wyatt*, 235 Ariz. 138, 139, ¶ 5 (2014). A court "may be regarded as having abused [its] discretion" when it "commits an 'error of law[] in the process of reaching [a] discretionary conclusion.'" *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254 ¶ 10 (2003).

¶6            A.R.S. § 12-601 sets forth the discrete requirements and procedure for "person[s] who desire[] to change [their] name and to adopt another name[.]"   A movant must file an application in the county of residence and state the "reasons for the change of name and the name the person wishes to adopt."  A.R.S. § 12-601(A).

¶7            The statute lists various "criteria" the "court shall consider" in determining whether to grant the application, including whether the movant (1) has a felony conviction or faces felony charges, (2) is knowingly changing his name to commit or "further[] the commission of" various criminal offenses, including those "involving false statements," and (3) seeks a name change "solely for [the movant's] best interest."  A.R.S. § 12-601(C)(1)-(4).  The movant must provide the court with this information "under penalty of perjury." *Id.* (C).   The movant must further "acknowledge[]" that the proposed name change "will not release [the movant] from any obligations incurred or harm any rights of property or actions in the original name." *Id.* (C)(5).  Based on these criteria, the court "may enter judgment that the adopted name of the party be substituted for the original name." *Id.* (A).

¶8            Cortez contends the superior court misinterpreted and misapplied A.R.S. § 12-601 to require that applicants show good cause to change their names.[2]  We agree.  "[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction."  *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007).  The statute has no good cause requirement. *See Padilla v. Indus. Comm'n*, 113 Ariz. 104, 106 (1976) ("[W]hat the Legislature means, it will say.").  "We decline to judicially graft that requirement onto a statute without terms requiring it." *See Williams v. Williams*, 228 Ariz. 160, 166, ¶ 20 (App. 2011).

¶9            Cortez supplied the information required under the statute and navigated the required procedure.  Indeed, he used the County's form application—he answered its questions, signed its oath and filed the completed product in its court.  The application raised no concern that Cortez wanted to change his name for any fraudulent or criminal purposes. *See Malone v. Sullivan*, 124 Ariz. 469, 470 (1980) (the legislature enacted the

---

2      Cortez also pressed two constitutional challenges to the court's order, but we need not reach them to resolve the appeal. *See State v. Korzuch*, 186 Ariz. 190, 195 (1996) ("[W]e should resolve cases on non-constitutional grounds in all cases where it is possible and prudent to do so.").

name-change statute "in aid of the common law rule that absent fraud or improper motive, a person may adopt any name he or she wishes.").

¶10        And we reject any argument that the court properly denied Cortez's application based on his gender-transition rationale. At bottom, whether framed as a question of "good cause" or "best interest," the statute does not permit the superior court to deny a person's name-change request only because the person wants the new name to reflect a gender transition. *See In re Brown*, 770 S.E.2d 494, 497 (Va. 2015) (gender transition affords "a valid basis for changing one's name.").

## CONCLUSION

¶11        We reverse the superior court's order denying Cortez's application for change of name and direct that court to grant the application on remand.

