863 P.2d 915

**FLOWING WELLS IRRIGATION DISTRICT,**

v.

**CITY OF TUCSON.**

**No. TX 92–00322.**

Tax Court of Arizona.

Nov. 12, 1993.

James A. Jutry, Phoenix, for plaintiff.

Tucson City Atty. by Elizabeth Sotelo, Tucson, for defendant.

## OPINION

SCHAFER, Judge.

The issue in this case is whether a city may assess a transaction privilege tax on an irrigation district's income from its sale of water to residential customers.

The Flowing Wells Irrigation District ("District") filed this action for a refund of transaction privilege taxes it paid to the City of Tucson ("City") upon income from water it sold to its residential customers within the City.[1] The tax period in question is December 1, 1987, through November 30, 1991. The District protested the tax assessment at the administrative level and lost. It then paid the assessment under protest, filed an appeal to this Court, then filed a Motion for Summary Judgment, arguing that, as a municipal corporation, it is immune from the City's tax.

## FACTS

The District is a municipal corporation of the State of Arizona. A.R.S. § 48–2901. In addition to supplying irrigation service to customers within its boundaries, the District sells water to customers in the City of Tucson who also are within the District's boundaries. The City audited the District's transaction privilege taxes for the period December 1, 1987, through November 30, 1991, and, pursuant to Section 19–480 of the Tucson Code, assessed additional transaction privilege taxes for water supplied to the City customers. Section 19–480(a)(1) taxes those who furnish utility services, including water, to consumers living in the City.

The District argues as a municipal corporation its sale of water is a governmental activity and is exempt from taxation. The City argues the sale of water to City residential customers is only incidental to the irrigation district's primary purpose of irrigating arid land. Thus, the City concludes,

sale of water for domestic use is a proprietary function, not a governmental function, of the District and as such is taxable. .

The Court agrees with the City; the District's sales to City customers are not part of its governmental purpose and it is not entitled to a refund.

## ANALYSIS

■■■ Governmental activities are exempt from taxation. *City of Phoenix v. City of Goodyear*, 174 Ariz. 529, 851 P.2d 154 (Tax 1993); *Salt River Project Agricultural Improvement and Power Dist. v. City of Phoenix*, 129 Ariz. 398, 631 P.2d 553 (App.1981). Proprietary activities of a government, however, are taxable. A governmental function is generally recognized as one undertaken because of a duty imposed on the entity for the welfare or protection of its citizens or a function that is fundamentally inherent in or encompassed within the basic nature of government. *Copper Country Mobile Home v. City of Globe*, 131 Ariz. 329, 333, 641 P.2d 243, 247 (App.1982); *Book–Cellar, Inc. v. City of Phoenix*, 150 Ariz. 42, 44, 721 P.2d 1169, 1171 (App.1986). A proprietary function is "more a commercial activity which directly competes with other commercial activities...." *Book–Cellar, Inc. v. City of Phoenix, supra*, 150 Ariz. at 44, 721 P.2d at 1171.

■■ Irrigation districts are political subdivisions of the state; they are municipal corporations "of a peculiar type." *City of Mesa v. Salt River Project Agr. Imp. & P. Dist.*, 92 Ariz. 91, 103, 373 P.2d 722, 734 (1962); Arizona Constitution, art. XIII, § 7; A.R.S. § 48–2901. The District "is essentially a business corporation with attributes of sovereignty which are only incidental, conferred for the purposes of better enabling it to function and accomplish the business and economic purposes for which it was organized." *City of Mesa, supra*, 92 Ariz. at 103–4, 373 P.2d at 734–5.

■■ The City cites *Santa Cruz Irrigation District v. City of Tucson*, 108 Ariz.

---

1. The City also assessed an additional transaction privilege tax on income Flowing Wells derived from its rental of real property. That portion of the assessment is not at issue here.

152, 153, 494 P.2d 24, 25 (1972) (which relies upon the *City of Mesa* case to buttress its holding) to support its position that selling water to City homeowners is only incidental (thus proprietary and taxable) to an irrigation district's primary function of providing water for irrigation. There is no question that both cases hold that selling water or electricity is incidental to an irrigation district's primary purpose of irrigating arid lands. Branding the sale "incidental," however, does not answer the question whether the sale may be taxed. And the District's argument that Section 48–2981 answers that question fares no better. That statute simply amends an irrigation district's charter to allow it to deliver water to cities for municipal purposes; it does not change the purpose of the district.

Section 48–2981(A) states:

If a district was providing not less than ninety per cent of its total deliveries of water for municipal and industrial uses on June 12, 1980, the district may deliver municipal and industrial service to all lands within the boundaries of the district as constituted on June 12, 1980, *as a part of its charter as an irrigation district.* The acquisition, operation and maintenance of systems related to such municipal and industrial service are within the district's authority and specifically include the right to obtain bonding under article 10 of this chapter. [footnote omitted.]

A.R.S. § 48–2981(A) (emphasis added).

Both parties agree that the District meets the requirements of Section 48–2981(A); as of June 12, 1980, it was supplying at least ninety per cent (90%) of its irrigation services for municipal or industrial uses. Thus, the District is a governmental entity whose function is to supply irrigation to its customers. Once it fulfills that function with at least 90% of its customers, it may incidentally supply water to domestic urbanites within its borders. The provision of water for domestic use is not an inherently governmental function. It is more in the nature of a commercial activity competing directly with other services which provide water for domestic use.

Supplying irrigation services is a governmental function; supplying water to urbanites is a proprietary function, and it may be taxed.

According to the rulings in *Trimmer v. Ludtke*, 105 Ariz. 260, 462 P.2d 809 (1970) and *Markel v. Transamerica Title Insurance Co.*, 103 Ariz. 353, 442 P.2d 97 (1968), when there is no issue of fact, a ruling on a motion for summary judgment may be either for or against the moving party even though the opposing party has not filed such a motion. Here, the District has filed the motion, but the Court rules for the City.

IT IS ORDERED that judgment be entered for the City of Tucson on the District's Motion for Summary Judgment.

This opinion is not a final, appealable judgment. See *Denevir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).