IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARICOPA COUNTY SPECIAL HEALTH  CARE DISTRICT, the governing body for and d/b/a VALLEYWISE HEALTH MEDICAL CENTER, *Petitioner*,

*v.*

PEGGY JACKSON, as legal guardian on behalf of MATTHEW HEINREICH, an incapacitated person; and on behalf of herself as an individual; DISTRICT MEDICAL GROUP, INC., an Arizona corporation; DALE STERN, M.D. and JANE DOE STERN, husband and wife; JEFFREY BRICHTA, D.O. and JANE DOE BRICHTA, husband and wife; MARK MACELWEE, M.D. and JANE DOE MACELWEE, husband and wife; JOHN and JANE DOES I-X; BLACK and WHITE PARTNERSHIPS  I-X; ABC CORPORATION I-X, *Respondents*.

No. 1 CA-SA 25-0068

FILED 08-07-2025

Special Action from the Superior Court in Maricopa County
No. CV2023-000540
The Honorable John L. Blanchard, Judge

**JURISDICTION ACCEPTED, RELIEF DENIED**

COUNSEL

Slattery Petersen LLC, Phoenix
By Elizabeth A. Petersen
*Co-Counsel for Petitioner*

Wieneke Law Group, PLC, Tempe
By Kathleen L. Wieneke, Tara B. Zoellner
*Co-Counsel for Petitioner*

Karen L. Lugosi, P.C., Phoenix
By Karen L. Lugosi
*Counsel for Respondent Jackson*

Jones Skelton & Hochuli PLC, Phoenix
By Donn C. Alexander, Kenneth L. Moskow
*Counsel for Respondent District Medical Group*

---

**OPINION**

Chief Judge Randall M. Howe delivered the Opinion of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

---

**H O W E**, Judge:

¶1 Petitioner Maricopa County Special Health Care District, doing business as Valleywise Health Medical Center, petitions for special action relief from the denial of its motion to dismiss Respondent Peggy Jackson's Adult Protective Services Act ("APSA") claim. Valleywise contends that the superior court erred because (1) Valleywise is not a "person" or "enterprise" subject to suit under APSA, and (2) Jackson's notice of claim did not place Valleywise on notice of her APSA claim. Whether a special health care district is subject to suit under APSA is a legal question of first impression. *See* Ariz. R.P. Spec. Act. 12(b)(3). It is also likely to recur, and is thus of statewide importance. *See* Ariz. R.P. Spec. Act. 12(b)(4). Although "[g]enerally, special action review of a denial of a motion to dismiss is not appropriate," *Farmers Ins. Exch. v. Udall*, 245 Ariz. 19, 21 ¶ 6 (App. 2018), the issues here are not "ordinary dispositive motion practice," and accepting jurisdiction "will materially advance the efficient management of the case," *see* Ariz. R.P. Spec. Act. 12(b)(7). Thus, we accept jurisdiction. We deny relief, however, because a special health care district is subject to suit under APSA and Jackson's notice of claim sufficiently placed Valleywise on notice of its potential liability for an APSA claim.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In 2003, Maricopa County created a special health care district—now known as Valleywise—under A.R.S. § 48-5501.01 to acquire and operate Maricopa County owned hospitals and health care facilities. "A special health care district is a tax levying public improvement district

for all purposes of article XIII, § 7, Constitution of Arizona." A.R.S. § 48-5501.01(D). Tax levying public improvement districts are "political subdivisions of the state, and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions." Ariz. Const. art. 13, § 7. A special health care district may "[s]ue and be sued in all courts and places and in all actions and proceedings." A.R.S. § 48-5541(2).

¶3        Jackson is the legal guardian of Matthew Heinreich. Heinreich has an intellectual disability and mental illnesses but lived independently. He managed his conditions with medications, specifically Clozapine and Benzodiazepines. In January 2022, he was admitted to Valleywise and treated by staff from Desert Medical Group ("DMG") after exhibiting symptoms of an altered mental state.

¶4        In June 2022, Jackson filed a notice of claim against Valleywise and Maricopa County for injuries caused by "gross medical negligence while providing health care to Matthew Heinreich." Specifically, she claimed that she informed Valleywise of Heinreich's need to take Clozapine, but Valleywise failed to provide him with "any Clozapine for several days thus causing [Heinreich] to become progressively unresponsive and rigid and enter a state of malignant catatonia." She contended that Valleywise "fell below medical standards of care by (1) failing to provide [Heinreich] proper medication management thereby causing him to suffer malignant catatonia and/or neuroleptic malignant syndrome and (2) failing to promptly recognize and properly treat malignant catatonia."

¶5        In January 2023, Jackson sued Valleywise and DMG for medical negligence and negligent infliction of emotional distress. In April 2024, Jackson moved to file a first amended complaint, adding a claim that Valleywise and DMG violated APSA. The motion stated that the APSA claim "arises out of the same conduct set forth in the original Complaint." In August 2024, Jackson filed the amended complaint, adding an APSA claim.

¶6        Valleywise moved to dismiss the APSA claim, arguing that it had no liability under APSA because, under *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323 (2011), it did not qualify as a "person" or "enterprise" under A.R.S. § 46-455(B). Valleywise also argued that Jackson's notice of claim did not contain facts sufficient to give notice of an APSA claim. *See* A.R.S. § 12-821.01(A). DMG also moved to dismiss, arguing that it was not subject to APSA. The court dismissed the APSA claim against DMG,

concluding that DMG was not subject to APSA, but denied Valleywise's motion. It found that "Plaintiff sufficiently alleged claims under the APSA against Valleywise. Unlike *Estate of Braden*, Valleywise is alleged here to have directly participated in the abuse. Plaintiff alleges that Valleywise did not merely coordinate or supervise—it is directly liable for the negligent care." Further, the court found the notice of claim complied with the notice of claim statute, A.R.S. § 12-821.01. Valleywise then filed this special action.

## DISCUSSION

**¶7**          We review a ruling on a motion to dismiss de novo. *See City of Mesa v. Ryan*, 258 Ariz. 297, 299 ¶ 8 (2024); *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021) (dismissal under Arizona Rule of Civil Procedure 12(b)(6) reviewed de novo). "Dismissal is appropriate under Rule 12(b)(6) only if 'as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 8 (2012) (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998)). "On appeal from a motion to dismiss, this court 'assume[s] the truth of [all] well-pled factual allegations and indulge[s] all reasonable inferences therefrom.'" *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 383 ¶ 3 (App. 2020) (quoting *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008)). We view the facts "in the light most favorable to the non-moving party." *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 69 ¶ 2 (App. 2014).

## I.      Valleywise is Subject to Suit under APSA

**¶8**          Valleywise contends that because it is a political subdivision of the state, it is not a "person" or "enterprise" subject to suit under APSA. *See* A.R.S. § 46-455(B), (Q). But the plain language of A.R.S. § 48-5541 provides that a special health care district may "be sued in all courts and places and in *all* actions and proceedings." A.R.S. § 48-5541(2) (emphasis added). "[T]he best and most reliable index of a statute's meaning is its language." *Bridges v. Nationstar Mortg. L.L.C.*, 253 Ariz. 532, 535 ¶ 14 (2022) (quoting *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471 (1991)). We read "statutes as a cohesive whole so that 'no word or provision is rendered superfluous.'" *State v. Serrato*, ___ Ariz. ___, ___ ¶ 16, 568 P.3d 756, 760 (2025) (quoting *In re Riggins*, 257 Ariz. 28, 31 ¶ 12 (2024)).

**¶9**          Section 48-5541(2) plainly and unambiguously subjects special health care districts, including Valleywise, to suit, no matter the nature of the action. "All" means all. *See In re Drummond*, 257 Ariz. 15, 18 ¶ 7 (2024) ("Absent a statutory definition, courts generally give words their

ordinary meaning."). And "all" expressly excludes exemptions or limitations on the kinds of actions for which a special health care district may be sued. Because a special health care district may be sued in all actions and proceedings under A.R.S. § 48-5541, Valleywise may be sued under APSA.

¶10        Nowhere does APSA's plain language preclude suit against a special health care district. APSA authorizes a vulnerable adult who has been injured by neglect to bring an "action" against "any person or enterprise that has been employed to provide care." A.R.S. § 46-455(B). The meaning of "enterprise" does not inherently exclude a special health care district such as Valleywise. APSA defines enterprise as "any corporation, partnership, association, labor union or other legal entity." A.R.S. § 46-455(Q). And "corporation" embraces a special health care district. By its plain language, A.R.S. § 48-5541 refers to a special health care district as a corporation. That statute provides that a special health care district may "adopt and use a corporate seal," A.R.S. § 48-5541(1), and its "board of directors is a body corporate," A.R.S. § 48-5502(C). Further, although special health care districts are "political subdivisions of the state, they are municipal corporations 'of a peculiar type,'" as Valleywise concedes. *See Flowing Wells Irrigation Dist. v. City of Tucson*, 176 Ariz. 623, 624 (Tax Ct. 1993) (discussing irrigation districts) (quoting *City of Mesa v. Salt River Project Agric. Improvement & Power Dist.*, 92 Ariz. 91, 103 (1962)); Ariz. Const. art. 13, § 7 (treating alike irrigation and tax levying public improvement districts); A.R.S. § 48-5501.01(D) (a special health care district is a tax levying public improvement district). And for more than a century we have treated municipal corporations as "corporations." *See Sumid v. City of Prescott*, 27 Ariz. 111, 113 (1924) ("Does the word 'corporation' include a municipal corporation as well as a private corporation? Every dictate of policy and reason would answer this question in the affi[r]mative, especially when the enterprise is one of a private or business nature.").

¶11        Further, the purpose of a special health care district shows that it is a corporation. A special health care district, like an irrigation district, "is essentially a business corporation with attributes of sovereignty which are only incidental." *Flowing Wells Irrigation Dist.*, 176 Ariz. at 624 (quoting *Salt River Project*, 92 Ariz. at 103–04). The purpose of a special health care district is to "[o]perate and maintain . . . a hospital, freestanding urgent care centers, medical clinics, [or] nursing care institutions" or contract with an existing such institution to "provide hospital, urgent care, nursing care and ambulance related services." A.R.S. § 48-5541(5)–(6). The provision of hospital and related services "is not an inherently governmental function. It is more in the nature of a commercial activity

competing directly" with private and non-profit hospitals, urgent cares, and nursing homes. *See Flowing Wells Irrigation Dist.*, 176 Ariz. at 625. Like a business corporation, a special health care district has the power to "[p]urchase, receive, take, hold, lease, use and enjoy property of every kind . . . for the benefit of the district." A.R.S. § 48-5541(3). As a special health care district in a county of more than two million people, Valleywise may also "[r]aise capital, borrow and invest monies, create debt, assume debt and refinance debt to carry out the purposes of this chapter." A.R.S. § 48-5541.01(A), (K)(1); *see Gallardo v. State*, 236 Ariz. 84, 87 ¶ 4 (2014) (finding that the population of Maricopa Country is greater than three million). In all these respects, Valleywise functions as a corporation. Thus, Valleywise is an enterprise subject to suit under APSA.

¶12 Valleywise contends it is not an enterprise because the supreme court in *Estate of Braden* concluded that the State of Arizona is not an enterprise subject to suit under APSA. *See* 228 Ariz. at 326, 328 ¶¶ 12, 18. But *Estate of Braden* concerned the liability of the State of Arizona itself and not a political subdivision such as a special health care district. *See id.* at 324, 325 ¶¶ 2, 5. Further, the supreme court acknowledged that the "definition of 'enterprise' in [A.R.S.] § 46-455(Q) is not expressly limited to business entities and that the term 'corporation' may embrace both private and public entities." *Id.* at 327 ¶ 14 (quotation omitted).

¶13 Even if the plain language of A.R.S. § 48-5541 and APSA did not resolve the question, the statutes do not conflict. *See* A.R.S. § 46-455(B), (Q). Although a more specific statute will govern over a more general statute when they conflict, *see State v. Jones*, 235 Ariz. 501, 503 ¶ 8 (2014), we first "will attempt to harmonize their language to give effect to each," *UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, 329 ¶ 11 (2001). No conflict exists between A.R.S. § 46-455(B) and A.R.S. § 48-5541(2) when harmonized. APSA defines "enterprise," *see* A.R.S. § 46-455(Q), but does not *explicitly* exclude any classes or categories whom a vulnerable adult may sue. Notably, APSA does not include language such as "notwithstanding any other law" that would indicate A.R.S. § 46-455(B) controls over A.R.S. § 48-5541(2). *See Boyd v. State*, 256 Ariz. 468, 472 ¶ 13 (App. 2023) (statute's use of phrase "notwithstanding any other law" controls over any otherwise conflicting law); *City of Phoenix v. Glenayre Elecs., Inc.*, 242 Ariz. 139, 144 ¶ 16 (2017) (by using the phrase "notwithstanding any other statute," the legislature had "expressly and definitely" declared one statute controlled over another statute's "general exemption").

¶14 Because the legislature knows how to make one statute control over another, the absence of "notwithstanding" language must be

purposeful. *See Silverman v. Ariz. Dep't of Econ. Sec.*, 257 Ariz. 384, 390 ¶ 20 (2024) (concluding that the legislature's failure to include similar limiting language in a related statute demonstrates that the legislature purposefully omitted that language); *Columbus Life Ins. Co. v. Wilmington Tr., N.A.*, 255 Ariz. 382, 386 ¶ 18 (2023) (highlighting that statutes explicitly voiding certain contracts show "that the legislature knows how to deem a contract void when it so wishes and did not do so" in the statute at issue). Indeed, the legislature used "notwithstanding" elsewhere in the special health care district statutes to exclude the application of various provisions. *See, e.g.*, A.R.S. § 48-5541.01(B) ("Notwithstanding § 48-5502 . . . ."); A.R.S. § 48-5561.01(A)(1) ("Notwithstanding § 48-5561 . . . ."). Further, if we were to conclude that APSA controls over A.R.S. § 48-5541(2), and A.R.S. § 46-455(B) does not encompass a special health care district, the phrase "all actions and proceedings" in A.R.S. § 48-5541(2) would be void. *See Jurju v. Ile*, 255 Ariz. 558, 562 ¶ 22 (App. 2023) (We give meaning to "each word, phrase, clause, and sentence so that no part of the statute will be void, inert, redundant, or trivial") (quoting *Ariz. State Univ. Bd. of Regents v. Ariz. State Ret. Sys.*, 242 Ariz. 387, 389 ¶ 7 (App. 2017)). Thus, to harmonize the statutes, either A.R.S. § 48-5541(2) must control over A.R.S. § 46-455(B) or a special health care district must fall within the meaning of "person or enterprise." In either case, because Valleywise is a special health care district, it may be sued in an action brought under APSA. *See* A.R.S. § 48-5541; A.R.S. § 46-455(B).

## II.    Jackson's Notice of Claim

**¶15**        Valleywise also contends that Jackson's notice of claim did not strictly comply with A.R.S. § 12-821.01(A) because it failed to provide notice of the APSA claim. Specifically, it argues that in Jackson's notice of claim, "absent are any references to APSA, to any APSA statute, and to any of the terms key to Plaintiff's newest allegations against Valleywise." We review de novo whether a notice of claim complies with statutory requirements. *Jones v. Cochise Cnty.*, 218 Ariz. 372, 375 ¶ 7 (App. 2008).

**¶16**        "Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007). A claim "shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed." A.R.S. § 12-821.01(A). The notice of claim requirements "permit the public entity to investigate the claim, assess liability, consider settlement before litigation, and budget for possible future litigation." *Ryan*, 258 Ariz. at 300 ¶ 9. "[T]he statute requires only facts, not theories, to support the claim." *Yollin v. City of Glendale*, 219 Ariz.

24, 32 ¶ 23 (App. 2008). But "the statutory language requires a claimant to describe facts 'sufficient to permit' the public entity to evaluate liability." *Backus v. State*, 220 Ariz. 101, 106 ¶ 22 (2009). Because the claim statute "anticipates that government entities will investigate claims" to determine its potential liability, the plaintiff need provide only sufficient *facts* to "facilitate the government's investigation." *Yollin*, 219 Ariz. at 32 ¶ 25. Facts are sufficient if they "establish the basis for liability and an amount for which the claim can be settled" such that the public entity may investigate legal theories of liability derived from those facts, even if the plaintiff does not explicitly state the specific theory of liability. *See Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 ¶ 9 (2006).

¶17        Jackson's notice of claim enabled Valleywise to investigate its potential liability on an APSA claim. "The legislature enacted APSA to protect vulnerable adults, and to further this purpose, it created a broad remedial cause of action." *Delgado v. Manor Care of Tucson, AZ, LLC*, 242 Ariz. 309, 312 ¶ 15 (2017). Thus, "[w]e generally construe such remedial statutes broadly 'to effect the legislature's purpose in enacting them.'" *Id.* (quoting *In re Est. of Winn*, 214 Ariz. 149, 150 ¶ 5 (2007)). An APSA abuse or neglect claim requires the plaintiff to identify "(1) a vulnerable adult, (2) [who] has suffered an injury, (3) caused by abuse, (4) from a caregiver." *Id.* at 313 ¶ 19; *see* A.R.S. § 46-455(B).

¶18        Although Jackson's notice of claim used none of the terms of art in the *Delgado* test, the claim provided facts to support each element. First, the claim informed Valleywise that Heinreich was under a guardianship and "suffered from schizoaffective disorder, bipolar type and unspecified intellectual disability." These facts placed Valleywise on notice that Heinreich might be a vulnerable adult. *See* A.R.S § 46-451(A)(12) ("'Vulnerable adult' means an individual who is eighteen years of age or older and who is unable to protect himself from abuse, neglect or exploitation by others because of a physical or mental impairment.").

¶19        Second, the claim informed Valleywise that, while in its care, Heinreich became "critically ill with sepsis, acute encephalopathy, acute hypoxic respiratory failure, and pneumonia." The claim also informed Valleywise that since his release from its care, his cognitive, physical, and emotional abilities all significantly deteriorated. Thus, the claim gave Valleywise notice that Heinreich was injured.

¶20        Third, the claim informed Valleywise that Jackson told Valleywise repeatedly over three days that Heinreich required his psychiatric medications and asked to speak with his doctor. The claim

further informed Valleywise that it had given equivocal answers whether Heinreich had received his medications and that he received his medications belatedly and in minimal quantities. These facts enabled Valleywise to investigate whether its care for Heinreich was so deficient that he was neglected or abused.

**¶21**     Fourth, the claim informed Valleywise that it had treated Heinreich. Valleywise also had notice that his alleged injuries were caused by a Valleywise caregiver. *See Delgado*, 242 Ariz. at 313 ¶ 18 ("APSA defines a caregiver as a person or 'enterprise' employed to provide care to a vulnerable adult, and includes care provided at a nursing home or an acute care hospital.").

**¶22**     Because Jackson's notice of claim provided sufficient facts to enable Valleywise to investigate its liability for his potential APSA claim, the claim complied with A.R.S. § 12-821.01(A). *See Deer Valley*, 214 Ariz. at 295 ¶ 6.

## CONCLUSION

**¶23**     We accept jurisdiction but deny Valleywise relief for the reasons stated.

